IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARCELORMITTAL FRANCE and ARCELORMITTAL ATLANTIQUE ET LORRAINE, <br><br>Plaintiffs, <br><br>v. <br><br>AK STEEL CORPORATION, SEVERSTAL DEARBORN, INC. and WHEELING-NISSHIN, INC., <br><br>Defendants. | ) ) ) ) ) ) ) ) Civ. No. 10-50-SLR ) ) ) ) ) ) |

**MEMORANDUM ORDER**

At Wilmington this 15th day of December, 2010, having reviewed defendant AK Steel Corporation's motion for a protective order and the papers submitted in connection therewith;

IT IS ORDERED that said motion is granted (D.I. 133), to the extent it is not moot, for the reasons that follow:

1. This motion practice is exemplary of why the costs of discovery are so high. In the first instance, patent counsel feel the pressure to turn over every stone in the search for relevant information, including (as in this case) discovery obtained in prior litigation (as though one case's discovery is not enough). This seemingly unquenchable thirst for data generally is conveyed, not through conversation, but through the written word, either formally (requests for production of documents) or

informally (as in this case, through email). Emails are notorious for the temptation they present to write, and read, them carelessly, arguably leading to as many discovery disputes as they resolve.

2. In this case, the email communications between counsel proceeded faster than the deliberative process. There is no genuine indication of record that counsel for AK Steel had confidential documents in hand, in violation of the protective order in the prior litigation. The request for such documents, however, in light of the conduct of record, need not be honored.

_____
United States District Judge