IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARCELORMITTAL FRANCE and ARCELORMITTAL ATLANTIQUE ET LORRAINE, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. No. 10-050-SLR |
| AK STEEL CORPORATION, SEVERSTAL DEARBORN, INC., and WHEELING-NISSHIN, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM ORDER**

At Wilmington this 4ᵗʰday of January, 2011, having reviewed the parties'

submissions on outstanding issues of infringement and the pretrial order;

IT IS ORDERED that:

1. **Doctrine of equivalents**. Defendants have not demonstrated that either the

all-elements rule or dedication-disclosure doctrines prevent plaintiffs from asserting that

the tensile strength of defendants' final products (e.g. 1414 MPa and 1470 MPa by

separate testing) is equivalent to "an ultimate tensile strength of 1500 MPa or greater."

As discussed in the court's claim construction opinion, the specification is imprecise

with respect to the range of thermal treatments that can be applied to the claimed

compositions; the disclosure is not of "such specificity" that one of ordinary skill in the

art could identify precise tensile strength ranges disclosed but not claimed. *PSC*

*Computer Prods., Inc. v. Foxconn Int'l, Inc.*, 355 F.3d 1353, 1360 (Fed. Cir. 2004).

Moreover, defendants have not demonstrated that a jury could not find that the tensile strength of defendants' products is not insubstantially different from that claimed.  *See Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 616 F.3d 1283, 1293 (Fed. Cir. 2010).

2. **Literal infringement**.  Notwithstanding, defendants' products fall outside the literal scope of the "hot-rolled steel sheet coated with an aluminum or aluminum alloy coating" limitation.  Plaintiffs correctly argue that an infringing product may include products made using additional process steps not iterated in the claim.  In this case, however, the claims dictate that the sheet is coated after achieving its final thickness by hot-rolling.  (D.I. 189 at 9-11)   Cold-rolling is not, as plaintiffs assert, merely an "additional step" – it is a prerequisite to defendants' coating and thermal treatment steps.  Absent any indication that defendants provide a hot-rolled, coated sheet product prior to cold-rolling, defendants cannot infringe.

3. **Validity**.  With respect to defendants' invalidity contentions, the court will not preclude plaintiffs from offering evidence or argument that the inventions of claims 1, 2, 5 and 7 require that the recited steel sheet be coated with aluminum before being heat treated, as the pretrial record is not developed sufficiently to compel the preclusion of such evidence.

IT IS FURTHER ORDERED that, to the extent any claim limitations are in dispute and consistent with the court's standard practices, if parties do not agree on the "ordinary meaning" of a claim limitation, it is plaintiffs' burden (for purposes of their affirmative infringement and validity contentions) to bring the dispute to the court's

attention during the claim construction exercise.  Having failed to do so, the parties will present their respective constructions during trial and the court will make its claim construction decision prior to the case going to the jury.

_____
United States District Judge