IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARCELORMITTAL FRANCE and ARCELORMITTAL ATLANTIQUE ET LORRAINE, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. No. 10-050-SLR |
| AK STEEL CORPORATION, SEVERSTAL DEARBORN, LLC, and WHEELING-NISSHIN, INC., | ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ARCELORMITTAL FRANCE, ARCELORMITTAL ATLANTIQUE ET LORRAINE, and ARCELORMITTAL USA LLC | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. No. 13-685-SLR |
| AK STEEL CORPORATION, | ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ARCELORMITTAL FRANCE and ARCELORMITTAL ATLANTIQUE ET LORRAINE, and ARCELORMITTAL USA LLC | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. No. 13-686-SLR |
| SEVERSTAL DEARBORN, LLC, and WHEELING-NISSHIN, INC., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

At Wilmington this 5th day of December, having reviewed ArcelorMittal France and ArcelorMittal Atlantique et Lorraine's (collectively, "ArcelorMittal") motion for clarification and the papers submitted in connection therewith; the court issues its decision based on the following analysis:

1. By memorandum opinion and order issued on October 31, 2013, the court granted defendants' motions for summary judgment (D. I. 279, 281), invalidating the RE153 patent as violative of 35 U.S.C. § 251(d). In response to the court's request that the parties identify any issues pertaining to the related cases Civ. Nos. 13-685 and 13-686,[1] ArcelorMittal seeks to clarify the court's invalidity ruling, specifically asking whether the court invalidated the entire reissued patent or whether claims 24 and 25 remain valid.

2. Whether a broadening reissue patent filed in contravention of 35 U.S.C. § 251(d) (in this case some 10 years after the issuance of the original patent) should be held entirely invalid is a question of policy. In *Quantum Corp. v. Rodime, PLC*, 65 F.3d 1577, 1580 (Fed. Cir. 1995), the Federal Circuit refused to allow plaintiff to resurrect the original scope of its patents,[2] specifically explaining that,

> [i]f the only penalty for violating section 305 is a remand to the PTO to have the reexamined claims narrowed to be commensurate in scope with what the applicant was only entitled to in the first place, then applicants will have an incentive to attempt to broaden their claims during

---

[1] ArcelorMittal identified "infringement of the two remaining claims of the RE'153 patent, claims 24 and 25, [as] the subject of C.A. Nos. 13-685 and 13-686." (D.I. 300)

[2] Either by "exercis[ing] its inherent equitable powers by restricting the scope of the claims to their original terms" or by having "the district court . . . remand the case to the PTO to have the broadening language deleted from the claims."

> reexamination, and, if successful, be able to enforce these broadened claims against their competitors.

*Id.* at 1582-84.

3. Similarly, in the case at bar, ArcelorMittal seeks to end-run the consequences of violating 35 U.S.C. § 251(d). If dependent claims 24 and 25 are not invalidated, ArcelorMittal would have successfully accomplished, through the addition of claims, what the Federal Circuit prohibited in *Quantum*, i.e., retaining the original scope of its claims. As a matter of policy, such a consequence would encourage applicants to circumvent unfavorable litigation outcomes, thereby burdening both the PTO and the courts with competing administrative and judicial submissions.

4. As stated previously, the court has reviewed the relevant Federal Circuit landscape[3] and declines to exercise its inherent equitable powers to resurrect the original scope of the '805 patent as requested by ArcelorMittal. The court invalidates all claims of the RE153 patent as violative of 35 U.S.C. § 251(d).[4] An order shall issue.

*/s/ [signature]*
United States District Judge

---

[3]Including *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 882 F.2d 1556 (Fed. Cir. 1989), relied upon by plaintiffs.

[4]Accordingly, as Civ. Nos. 13-685 and 13-686 involve infringement of claims 24 and 25 of the RE153 patent, judgment will be entered for defendants. "It is axiomatic that one cannot infringe an invalid patent." *Commil USA, LLC v. Cisco Systems, Inc.*, 720 F.3d 1361, 1368 (Fed. Cir. 2013).

2