**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ARCELORMITTAL FRANCE, and | ) | |
| ARCELORMITTAL ATLANTIQUE | ) | |
| ET LORRAINE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 10-050-SLR |
| | ) | |
| AK STEEL CORPORATION, | ) | |
| SEVERSTAL DEARBORN, INC., and | ) | |
| WHEELING-NISSHIN, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' COMBINED OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY (D.I. 323, 325)

NOVAK DRUCE CONNOLLY BOVE
 + QUIGG LLP
Jeffrey B. Bove (#998)
jeff.bove@novakdruce.com
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware  19899
(302) 658-9141

*Attorneys for Plaintiffs ArcelorMittal France*
*and ArcelorMittal Atlantique et Lorraine*

OF COUNSEL:
David T. Pritikin
[dpritikin@sidley.com]
Hugh A. Abrams
[habrams@sidley.com]
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000

Dated:  October 2, 2015

## TABLE OF CONTENTS

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ............................................................. 1

II.     NATURE AND STAGE OF THE PROCEEDINGS AND STATEMENT OF FACTS ................. 3

III.    ARGUMENT ......................................................................................................................... 6

        A.      Defendants' Motions Fail Because No Case Or Controversy Remains In This Case ......... 6

        B.      Claims 24 and 25 Are Not At Issue In This Case ............................................................. 9

        C.      The First Federal Circuit Remand Does Not Apply To Claims 24 And 25 Of The RE153
                Patent ..................................................................................................................... 11

        D.      Claim Preclusion And Issue Preclusion Are Not Applicable Here ................................... 13

        E.      Genuine Issues Of Material Fact Require Denial Of Summary Judgment For The New
                Acts Of Infringement By Defendants .............................................................................. 15

        F.      Numerous Genuine Issues Of Material Fact Prevent Grant Of Summary Judgment On
                The Issue Of Obviousness ............................................................................................... 17

IV.     CONCLUSION .................................................................................................................... 20

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Aero-Stream, LLC v. SepticairAid, LLC*,
   No. 12-cv-190, 2015 WL 998223 (E.D. Wis. Mar. 5, 2015).....................................................8

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)........................................................................................................15

*ArcelorMittal France, et al. v. AK Steel Corp. et al.*,
   700 F.3d 1314 (Fed. Cir. 2012) (*ArcelorMittal I*).......................................................... *passim*

*ArcelorMittal France, et al. v. AK Steel Corp. et al.*,
   786 F.3d 885 (Fed. Cir. 2015) (*ArcelorMittal II*) ................................................................5, 6

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
   672 F.3d 1335 (Fed. Cir. 2012).....................................................................................16

*Banks v. United States*,
   741 F.3d 1268 (Fed. Cir. 2014).....................................................................................12

*Benitec Austl., Ltd. v. Nucleonics, Inc.*,
   495 F.3d 1340 (Fed. Cir. 2007).......................................................................................6

*Commil USA LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015)....................................................................................................7

*Cordis Corp. v. Boston Scientific Corp.*,
   635 F. Supp. 2d 361 (D. Del. 2009)...............................................................................16

*In re Cyclobenzaprine*,
   676 F.3d 1063 (Fed. Cir. 2012).....................................................................................18

*Dow Chemical Co. v. Nova Chemicals Corp.*,
   Nos. 2014–1431, 2014–1462, 2015 WL 5060947 (Fed. Cir. Aug. 28, 2015) .................12, 13

*Dow Jones & Co., Inc. v. Ablaise Ltd.*,
   606 F.3d 1338 (Fed. Cir. 2010).......................................................................................7

*E-Pass Techs., Inc. v. 3Com, Inc.*,
   473 F.3d 1213 (Fed. Cir. 2007).....................................................................................12

*Fox Grp., Inc. v. Cree, Inc.*,
   700 F.3d 1300 (Fed. Cir. 2012), *cert. denied*, 134 S. Ct. 420 (2013).......................................8

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
   582 F.3d 1288 (Fed. Cir. 2009).....................................................................................17

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
  721 F.3d 1330 (Fed. Cir. 2013), *cert. denied*, 134 S. Ct. 2295 (2014) ...............................7, 13

*Interconnect Planning Corp. v. Feil*,
  774 F.2d 1132 (Fed. Cir. 1985)...............................................................................................18

*Shelcore, Inc. v. Durham Indus. Inc.*,
  745 F.2d 621 (Fed. Cir. 1984)..................................................................................................17

*Streck, Inc. v. Research & Diagnostic Sys., Inc.*,
  665 F.3d 1269 (Fed. Cir. 2012)..............................................................................................7, 8

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling USA, Inc.*,
  699 F.3d 1340 (Fed. Cir. 2012)...............................................................................................19

*TypeRight Keyboard Corp. v. Microsoft Corp.*,
  374 F.3d 1151 (Fed. Cir. 2004)..............................................................................................6, 7

*United States v. 5 Unlabeled Boxes*,
  572 F.3d 169 (3d Cir. 2009)....................................................................................................13

**Statutes**

35 U.S.C. § 103..........................................................................................................................2, 4

35 U.S.C. § 251 ..................................................................................................................... *passim*

35 U.S.C. § 251(d) ...................................................................................................................5, 11

35 U.S.C. § 282 (2006) ...............................................................................................................17

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

In 2013, Defendants made a tactical decision to seek summary judgment that, among other things, all five of the asserted claims in this case were invalid under 35 U.S.C. § 251 as broadened in reissue.[1]  Defendants succeeded and the Federal Circuit affirmed this Court's finding of the invalidity of claims 1, 2, 5, 7 and 16 of U.S. Patent No. RE44,153 ("the RE153 patent") under § 251.  As a result, nothing remains for this Court to decide with regard to the five asserted claims.  Defendants' current motions fail because the Court lacks subject matter jurisdiction over unasserted claims 24 and 25 of the RE153 patent for lack of case or controversy.

Claims 24 and 25 of the RE153 patent, which are the subject of Defendants' motions, are not, and have never been, part of the present case ("the -050 case").  Claims 24 and 25 have never been asserted against Defendants in this case, and Plaintiffs have offered a covenant against suit regarding those claims to assure that those claims will not be asserted in any case against Defendants in the future.  Plaintiffs tried to amend their Complaint in this case in 2013, but Defendants successfully opposed that amendment, and no additional patent claims or additional acts of infringement were added to this case.[2]  Absent an amendment of the Complaint, *and* absent assertion of claims 24 and 25 by Plaintiffs, no case or controversy

---

[1] Defendants filed a series of motions in this case (D.I. 279, 281), Case No. 13-685 (D.I. 5), and in Case No. 13-686 (D.I. 8).  The Court resolved multiple motions filed by both sides in a Memorandum Opinion dated October 25, 2013 (D.I. 297) and a Memorandum and Order dated December 5, 2013 (D.I. 306).

[2] Plaintiffs' proposed amended complaint (D.I. 269-1, ¶14), only sought to substitute claims 1, 2, 5, 7 and 16 of the RE153 patent for claims 1, 2, 5, 7 and 16 of the original patent, and Defendants agreed to this substitution.  Since claims 24 and 25 of the RE153 patent were never added to this case, there is no counterclaim or pleading of invalidity of those claims in this case.

remains for the Court to decide in this case.  And, as Plaintiffs have indicated, they do not intend to assert claims 24 and 25 of the RE153 patent against Defendants in the future.

Claims 24 and 25 were not part of the trial in 2011 in this case, and thus are not part of, or subject to, the first remand from the Federal Circuit in 2012.  *See ArcelorMittal France, et al. v. AK Steel Corp. et al.*, 700 F.3d 1314, 1326 (Fed. Cir. 2012) (*ArcelorMittal I*).  Claims 24 and 25 did not exist until their issuance with the grant of the RE153 patent on April 16, 2013, and therefore are not relevant with regard to the alleged acts of infringement that occurred in 2010 that are the subject of Defendants' motions.

Assuming, *arguendo*, that claims 24 and 25 were at issue in this case, the infringement addressed in the trial in 2011 would not be relevant to those claims.  Rather, allegations of infringement of claims 24 and 25 would be based on the new acts of infringement described in the Millius Declaration filed on June 28, 2013 (D.I. 284), which alleges production and sale of steel by Defendants that is hot stamped and achieves an ultimate tensile strength that exceeds 1,500 MPa, as required by the claims.  These new acts of infringement, which were not at issue in the trial in 2011, are not subject to the doctrines of claim preclusion, issue preclusion, law of the case, or the mandate rule.  Nor are these new acts of infringement precluded from consideration under the doctrine of equivalents.  These sales of aluminum-coated boron containing steel by Defendants will be addressed with regard to U.S. Reissue Patent No. RE44,940 ("the RE940 patent") in Case No. 13-685, not in the present case.

Claims 24 and 25 also would not be subject to the first mandate of the Federal Circuit relating to obviousness under 35 U.S.C. § 103.  Claims 24 and 25 are presumed valid independent of claims 1, 2, 5, 7 and 16 and must be proven invalid by clear and convincing evidence.  Unlike the claims considered in the first trial in 2011, claims 24 and 25 were subject

to a reissue prosecution in 2013 in which the Bano and French '906 patent were considered by

the Patent and Trademark Office ("PTO") Examiner.  The Federal Circuit's finding that the

jury's decision in the first trial regarding the asserted claims was supported by substantial

evidence would not constitute issue preclusion in a new case involving new claims, such as

claims 24 and 25.  Nor would Plaintiffs be precluded from presenting all evidence of secondary

considerations, including copying and unexpected results as well as new evidence of sales of

steel having an ultimate tensile strength that exceeds 1,500 MPa in a case involving claims 24

and 25.  Finally, again assuming *arguendo* that claims 24 and 25 are at issue in this case,

numerous factual issues that require expert discovery preclude summary judgment on the issue

of obviousness of those claims.

## II.     NATURE AND STAGE OF THE PROCEEDINGS AND STATEMENT OF FACTS

Plaintiffs ArcelorMittal France ("AMF") and ArcelorMittal Atlantique et Lorraine

("AMAL") filed this suit in January 2010, alleging that AK Steel Corporation ("AK"), Severstal

Dearborn, Inc. and Wheeling-Nisshin Inc. (collectively, "Defendants") infringe claims 1, 2, 5, 7

and 16 of U.S. Patent No. 6,296,805 ("the '805 patent").  D.I. 1.  After a trial in January 2011,

the jury returned a verdict in favor of the defendants on the issues of noninfringement and

invalidity.  D.I. 215.  On appeal, the Federal Circuit "affirmed-in-part, reversed-in-part, vacated-

in-part, [and] remanded" the case for further consideration of the issues of infringement and

invalidity (obviousness).  *See ArcelorMittal I*, 700 F.3d at 1326.  The Federal Circuit mandate

issued on March 27, 2013.  D.I. 264.

On April 16, 2013, the U.S. Patent and Trademark Office ("PTO") reissued the '805

patent as the RE153 patent.  On April 16, 2013, AMAL and AMF filed new complaints against

AK (Case No. 13-685) and Severstal Dearborn, Inc. and Wheeling-Nisshin Inc. (Case No. 13-

686) in this Court.  On May 10, 2013, AMAL and AMF filed a motion in this case seeking leave

3

to file a Second Amended and Supplemental Complaint for Patent Infringement in this case.  D.I. 269.  The proposed amendment, which was opposed by Defendants, sought to substitute the asserted claims of the RE153 patent for the asserted claims of the '805 patent; add ArcelorMittal USA LLC ("AM USA"), the exclusive licensee under the RE153 patent in the United States, as a plaintiff; and, to amend the allegations of infringement regarding Defendants' activities from the time of the trial in January 2011 up through May 2013, including activities covered by the newly issued claims of the RE153 patent.

The Defendants opposed Plaintiffs' motion for leave to amend the complaint.  D.I. 275. Defendants' grounds for opposition included, among other things, that (1) Plaintiffs sought to make "wholesale changes to [their] allegations and theories" (D.I. 275, p. 1); (2) Plaintiffs "needlessly seek[] to add a new party [AM USA] that is unnecessary to the remand proceedings (D.I. 275, pp. 1-2); and, (3) Plaintiffs' proposed amendment of the complaint would "violate the mandate rule, as it is inconsistent with the Federal Circuit's narrowly circumscribed remand." (D.I. 275, p. 2).  Defendants were willing to "stipulate to substitution of the RE153 patent for the '805 patent," but insisted on "no other changes" because none are "justified, much less necessitated, by the reissue."  D.I. 275, p. 2.  Therefore, only the asserted claims were substituted.

In April and May 2013, Defendants filed motions to dismiss both of the new cases (Cases Nos. 13-685 and 13-686).  In June 2013, Defendants filed a motion for summary judgment of noninfringement in this case.  D.I. 282.  Defendants did not move for summary judgment on grounds of invalidity based on obviousness under 35 U.S.C. § 103.

Plaintiffs raised a number of grounds of opposition to the Defendants' motions for summary judgment.  D.I. 283.  Included with the Plaintiffs' opposition was the Declaration of

Marc Millius of ArcelorMittal, which set forth evidence of new acts of infringement by Defendants that involved the sale of steel having an ultimate tensile strength of greater than 1,500 MPa.  D.I. 284, ¶¶ 4, 5.  Plaintiffs also submitted the Declaration of Attorney Hugh Abrams under Fed.R.Civ.P. 56(d), which detailed the discovery that Plaintiffs sought in order to present additional facts concerning the new acts of infringement by Defendants.  D.I. 285.

In a Memorandum Opinion, dated October 25, 2013, the Court addressed the pending motions in the three cases.  D.I. 297.  The Court granted the Defendants' motions for summary judgment based on the Court's decision that all claims of the RE153 patent are invalid as a violation of 35 U.S.C. § 251(d).  D.I. 297, p. 11.  The Court denied Plaintiffs' Motion to Amend the Complaint in Case No. 10-050 when it ruled in footnote 13 that the motion was moot.  D.I. 297, p. 11 n. 13.  In an Order dated October 25, 2013, the Court ordered the parties to submit a letter identifying any issues pertaining to Cases Nos. 13-685 and 13-686 that were not addressed in the Memorandum Opinion of October 25, 2013.  D.I. 298.

Defendant AK submitted a letter to the Court on November 4, 2013, in Case No. 13-685, in which AK indicated that in light of the Court's ruling, no issues remain to be addressed in Case No. 13-685.  Case No. 13-685, D.I. 18.  Defendant AK did not indicate that any issues remained to be decided in Case No. 10-050.

In contrast, Plaintiffs filed a motion for clarification regarding the validity of claims 24 and 25 of the RE153 patent.  D.I. 302.  In a Memorandum and Order, dated December 5, 2013, the Court confirmed that the Court held all claims of the RE153 invalid under 35 U.S.C. § 251, including claims 24 and 25.  D.I. 306.  In a footnote, the Court indicated that claims 24 and 25 were identified by Plaintiffs as being at issue in Cases Nos. 13-685 and 13-686.  D.I. 306, p. 1 n.

1 (emphasis added).  Judgment was entered in this case, and in Cases Nos. 13-685 and 13-686.

D.I. 308.

In an opinion dated May 12, 2015, in a consolidated appeal from Cases Nos. 10-050, 13-685 and 13-686, the United States Court of Appeals for the Federal Circuit affirmed this Court's holding that claims 1-23 of the RE153 patent are invalid under 35 U.S.C. § 251.  *ArcelorMittal France, et al. v. AK Steel Corp. et al.*, 786 F.3d 885, 887 (Fed. Cir. 2015) (*ArcelorMittal II*).  The Federal Circuit reversed the holding of this Court that claims 24 and 25 are invalid and remanded the case for further proceedings with regard to claims 24 and 25 of the RE153 patent.  *Id.* Contrary to Defendants' argument, the Federal Circuit did not hold that "this *prima facie* case of obviousness applies equally to claims 24 and 25."  D.I. 324 [Defs.' Opening Brief], p. 1.  The Federal Circuit expressly "decline[d] the [] invitation" of Defendants to "reach the merits" on the issues of infringement or obviousness.  *ArcelorMittal II,* 786 F.3d at 892.  The Federal Circuit mandate issued on June 18, 2015.  D.I. 315.

## III.   ARGUMENT

### A.   Defendants' Motions Fail Because No Case Or Controversy Remains In This Case

The only claims that were ever at issue in this case -- claims 1, 2, 5, 7 and 16 of U.S. Patent No. RE44,153 ("the RE153 patent") -- were held invalid under 35 U.S.C. § 251 by this Court in a decision that was affirmed by the Federal Circuit in a consolidated appeal from Cases Nos. 10-50, 13-685 and 13-686.  D.I. 297, 306.  *See ArcelorMittal II*.  When the Federal Circuit affirmed this Court's decision that invalidated asserted claims 1, 2, 5, 7 and 16 of the RE153 patent, it ended any case or controversy regarding all of the asserted claims in this case (Case No. 10-050).  Nothing remains for the Court to consider in this case.

6

"'The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint [was] filed.'"  *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1345 (Fed. Cir. 2007) (*quoting Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974)) (alteration in original).  Under Article III of the United States Constitution, the federal judicial power extends only to a live case or controversy.  U.S. CONST. art. III, § 2.

The judgment of invalidity of the asserted claims moots the issue of infringement of the asserted claims.  *See TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1157 (Fed. Cir. 2004) (*citing Sandt Tech., Ltd. v. Resco Metal Plastics Corp.*, 264 F.3d 1344, 1356 (Fed. Cir. 2001)); *Weatherchem Corp. v. J.L. Clark, Inc.*, 163 F.3d 1326, 1335-36 (Fed. Cir. 1998).  This is because "invalidity operates as a complete defense to infringement for any product, forever."  *TypeRight Keyboard Corp.,* 374 F.3d at 1157 (*quoting Weatherchem Corp.*, 163 F.3d at 1335-36); *see also* D.I. 297 [Memorandum Opinion of October 25, 2013], p. 11 n. 12 ("It is axiomatic that one cannot infringe an invalid patent.") (*quoting Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1368 (Fed. Cir. 2013)); *Commil USA LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1929 (2015) (If "an act that would have been an infringement or an inducement to infringe pertains to a patent that is shown to be invalid, there is no patent to be infringed.").

The finding of invalidity of claims 1, 2, 5, 7 and 16 of the RE153 patent extinguished any current or future case or controversy between the parties based on such claims, and divests this Court of subject matter jurisdiction.  *See Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010) (covenant against suit "extinguished any current or future case or controversy between the parties, and divested the district court of subject matter jurisdiction.").  *See also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013), *cert. denied*, 134 S. Ct. 2295 (2014), ("[W]hen a claim is cancelled, the patentee loses any cause of

action based on that claim, and any pending litigation in which the claims are asserted becomes

moot."). "Subject matter jurisdiction is a threshold requirement for a court's power to exercise

jurisdiction over a case, and no amount of 'prudential reasons' or perceived increases in

efficiency, however sound, can empower a federal court to hear a case when there is no extant

case or controversy." *Dow Jones,* 606 F.3d at 1348.

In patent cases, "the existence of a 'case or controversy must be evaluated on a claim-by-

claim basis. '" *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1281 (Fed. Cir.

2012) (*quoting Jervis B. Webb Co. v. So. Sys., Inc.*, 742 F.2d 1388, 1399 (Fed. Cir. 1984)).  No

case or controversy exists with regard to unasserted claims, and thus this Court does not have

jurisdiction over unasserted claims 24 and 25.  *See Fox Grp., Inc. v. Cree, Inc.*, 700 F.3d 1300,

1308 (Fed. Cir. 2012), *cert. denied,* 134 S. Ct. 420 (2013), (vacating district court's

determination of invalidity of unasserted claims); *Streck*, 665 F.3d at 1281 (district court did not

err in limiting action to asserted claims because of lack of case or controversy with respect to

other claims).

The holding of invalidity of the asserted claims of the RE153 patent divests this Court of

jurisdiction with regard to any further decisions.  *Cf. Aero-Stream, LLC v. SepticairAid, LLC*,

No. 12-cv-0190, 2015 WL 998223, at *4 (E.D. Wis. Mar. 5, 2015) (no actual controversy

sufficient to justify continued jurisdiction because asserted claims invalidated), *appeal docketed*,

No. 15-1542 (Fed. Cir. Apr. 9, 2015) .  No controversy remains as to the five asserted claims,

and no controversy has ever existed in this case with regard to the remaining unasserted claims

24 and 25, which are the claims at issue in Defendants' motions.  For this reason, the motions

must be denied.

### B.    Claims 24 and 25 Are Not At Issue In This Case

Plaintiffs AMF and AMAL brought the present case in January 2010 alleging infringement of the '805 patent.  D.I. 1.  Defendant AK denied infringement and filed counterclaims seeking declaratory judgments of invalidity and noninfringement of the '805 patent.  D.I. 18.

As part of the pre-trial discovery process, Plaintiffs identified the five claims that they would assert in this case -- claims 1, 2, 5, 7 and 16.  The parties' expert witnesses filed reports relating to those five asserted claims, and the Court's Pretrial Order similarly identified those five asserted claims as the subject of the trial in the case.  D.I. 183 [Joint Pretrial Order].  Evidence relating to the five asserted claims was presented to the jury and a verdict rendered as to the noninfringement and invalidity of those five claims.  D.I. 215 [Jury Verdict].

After the trial in January 2011, the Federal Circuit reviewed the jury's verdict, and this Court's rulings on post-trial motions, with regard to those five asserted claims.  As noted by the Federal Circuit in its 2012 opinion, "[t]he asserted claims of the '805 patent are claim 1 and dependent claims 2, 5, 7 and 16."  *ArcelorMittal I*, 700 F.3d at 1318.  In reaching its decision, the Federal Circuit remanded the case for the district court to address, under the correct claim construction, whether "the *asserted* claims of the '805 patent are obvious," as well as the issue of literal infringement.  *Id.* at 1326 (emphasis added).

The asserted claims of the '805 patent -- claims 1, 2, 5, 7 and 16 -- were reissued as claims 1, 2, 5, 7 and 16 of the RE153 patent without any amendment or alteration.  *See* D.I. 278-3, Ex. C. [Prosecution History of RE153 patent].  In 2013, Plaintiffs sought to amend the complaint to add the RE153 patent, as well as allegations of new acts of infringement that had occurred since the time of the trial in January 2011.  D.I. 269.  In Paragraph 14 of the proposed amended complaint, Plaintiffs stated "this Second Amended Complaint substitutes claims 1, 2, 5,

7 and 16 of the RE153 patent for the same claims in the now-surrendered '805 patent."  D.I. 269-

1, ¶14.  Plaintiffs' proposed amendments to the complaint sought, among other things, the

addition of AM USA as a co-plaintiff in this case.  The defendants stipulated to the substitution

of claims 1, 2, 5, 7 and 16 of the RE153 patent for the same claims in the '805 patent, but

opposed any other amendment of the complaint.  D.I. 275, p. 2 [Defendants' Joint Opposition to

Motion for Leave to Amend].

The Court's memorandum expressly addressed Plaintiffs' motion to amend the complaint

in footnote 13 when it denied the motion as moot.  As a result, the proposed Second Amended

Complaint was never entered by the Court into the civil docket, and the Judgments entered in

this case (Case No. 10-050) indicate that AM USA never was added as a party to the case,

consistent with the denial of Plaintiffs' motion.  D.I. 299, 308.

In sum, Plaintiffs' motion to amend the complaint was denied by the Court in its orders

and final judgment.  Accordingly, no claims other than the five asserted claims of the RE153

patent ever became part of this case, and Defendants are judicially estopped from trying to add

additional claims to this case.  Importantly, none of claims 17-25 of the RE153 patent, which did

not even come into existence until the issuance of the RE153 patent in April 2013, were ever

asserted in the present case.  Claims 24 and 25 were never challenged by Defendants in this case

and Defendants acknowledged that these claims were only at issue in the new cases.[3]  Now,

Defendants reverse course.  However, claims 24 and 25, which are the subject of Defendants'

motions cannot become part of the present case without amendment of the Complaint *and*

---

[3] At the hearing before the Court on August 7, 2013, AK's counsel stated that: "We also seek as part of the claim construction process invalidation of claims 1 through 23 of the reissue 153 patent (Tr. 7:4-6)…..They sought to introduce, to reopen the record to accuse new product, what they say is new product.  We don't believe there's a new product, but that issue does not have to be taken up today here.  There's a separate case about [that product]." (Tr. 8:3-7).

assertion of claims 24 and 25 against Defendant AK.  To avoid any doubt about the possible

assertion of claims 24 and 25 against Defendants, Plaintiffs have offered to grant a covenant

against suit on the claims of the RE153 patent to Defendants.

Without the addition of claims 24 and 25 to this case, *and* assertion of claims 24 and 25

in this case, Defendants' motions must be denied.

### C. The First Federal Circuit Remand Does Not Apply To Claims 24 And 25 Of The RE153 Patent

As noted above, the trial in January 2011 involved five asserted claims.  The jury in its

verdict, and the Court in the post-trial motions, properly addressed only the five asserted claims.

Claims 24 and 25, which were added to the reissue patent, did not come into existence

until April 2013, or long after the January 2011 trial.  Claims 24 and 25 were not part of the

January 2011 trial, the first Federal Circuit appeal, or the first Federal Circuit remand to this

Court.  Defendants grossly misstate the present status and impact of the first remand when they

declare that the "limited issue before the Court with respect to non-infringement is whether the

accused products literally infringe claims 24 and 25 of the RE153 patent."  D.I. 326 [Defs'

Opening Brief on Non-Infringement], p. 1.

Defendants misstate this Court's ruling on the prior summary judgment motions when

they ask this Court to "enter its prior judgment of non-infringement."  D.I. 326 [Defs' Opening

Brief on Non-Infringement], p. 2, 8.  The Court ruled that "defendants' motions for summary

judgment are granted based on the court's *invalidating* the RE153 patent as violative of 35

U.S.C. § 251(d)."  D.I. 297, p. 11 (emphasis added).

Contrary to Defendants' representations, the Court did not enter a "prior" judgment of

non-infringement in its order on the summary judgment motions.  Defendants' prior motion in

this Court was actually a motion for summary judgment of non-infringement "implementing the

11

mandate on remand." D.I. 282. Thus, Defendants' motion necessarily related to the asserted claims and accused acts of infringement that occurred long before claims 24 and 25 came into existence; and, that motion was decided based on invalidity under § 251.

Infringement of claims 24 and 25 based on the new product can only be alleged with regard to activities that occur *after* their issuance, which Defendants explicitly recognized. *See* Transcript of Hearing, August 7, 2013, 7 - 8 (quoted above). Defendants' current motion seeks summary judgment based on evidence relating to sales of steel in 2010. Claims 24 and 25 were not part of the 2011 trial and, therefore, are not subject to the mandate of the Federal Circuit opinion in 2013 that bars reliance on the doctrine of equivalents based on an alleged waiver of the argument at the Federal Circuit in the first appeal. *See ArcelorMittal I*, 700 F.3d at 1322 (finding waiver of infringement under the doctrine of equivalents with regard to claims 1, 2, 5, 7 and 16). No waiver of the doctrine of equivalents has occurred with regard to claims 24 and 25 because they were never part of that first appeal. The mandate rule does not apply when the "subsequent evidence" is "substantially different from the original evidence." *Banks v. United States*, 741 F.3d 1268, 1276 (Fed. Cir. 2014). Similarly, a decision "does not constitute law of the case as to parties and accused devices that were not yet part of the litigation when that decision issued." *E-Pass Techs., Inc. v. 3Com, Inc.*, 473 F.3d 1213, 1218 n.1 (Fed. Cir. 2007).

For the same reasons, claims 24 and 25 are not subject to the mandate of the first appeal with regard to restrictions on evidence of secondary considerations of obviousness, such as copying of the patented invention by Defendants and industry acclaim for the invention. The mandate relating to the invalidity analysis of the asserted claims does not apply to unasserted claims 24 and 25 that were not before the Federal Circuit. *See ArcelorMittal I*, 700 F.3d at 1325

n. 6 (finding secondary considerations of claims 1, 2, 5, 7 and 16 limited to commercial success

on remand).

### D.      Claim Preclusion And Issue Preclusion Are Not Applicable Here

Assuming, *arguendo*, that claims 24 and 25 are at issue in this case, the doctrines of

claim preclusion and issue preclusion are not applicable to those claims based on *ArcelorMittal I.*

The Federal Circuit has recently confirmed that claim preclusion, or res judicata, does not apply

when a patentee accuses new acts of infringement, i.e., post-final judgment, in a second suit

"even where the products are the same in both suits." *Dow Chem. Co. v. Nova Chems. Corp.*,

Nos. 2014-1431, 2014-1462, 2015 WL 5060947, at *3 (Fed. Cir. Aug. 28, 2015) (quoting *Brain*

*Life, LLC v. Elekta, Inc.*, 746 F.3d 1045, 1056 (Fed. Cir. 2014)).  "[R]es judicata (claim

preclusion) does not apply where claims accrue during an action and are not the subject of the

first judgment because 'the doctrine of res judicata does not punish a plaintiff for exercising the

option not to supplement the pleadings with an after-acquired claim.'" *Dow Chemical*, 2015 WL

5060947, at*3 n. 4 (quoting *Gillig v. Nike, Inc.*, 602 F.3d 1354, 1363 (Fed. Cir. 2010)).  In the

present case, claim preclusion based on the first trial does not apply to claims 24 and 25,

assuming, *arguendo*, that those claims are at issue in this case, because acts of infringement

relating to those claims did not occur until *after* the conclusion of the trial in 2011 and not until

*after* the issuance of the RE153 patent in April 2013.

Both claim preclusion, and the doctrine of issue preclusion, also require a *final* judgment.

Claim preclusion requires "a showing that there has been (1) a final judgment on the merits in a

prior suit involving (2) the same claim and (3) the same parties or their privies." *United States v.*

*5 Unlabeled Boxes*, 572 F.3d 169, 173 (3d Cir. 2009) (citation omitted).  Issue preclusion "bars

'successive litigation of an issue of fact or law already litigated and resolved in a valid court

determination essential to the *prior judgment*." *Dow Chemical*, 2015 WL 5060947, at *3,

quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)).

In the present case, neither the decision on infringement nor the decision on obviousness

in *ArcelorMittal I* was the subject of a final judgment on the merits.  The initial determinations of

infringement and obviousness after the January 2011 trial were both remanded for further

proceedings.  *ArcelorMittal I*, 700 F.3d at 1326 (remand to address both infringement and

obviousness).  With the remand of both infringement and obviousness, neither was a final

judgment on the merits.  *Fresenius*, 721 F.3d at 1341  ("where the scope of relief remains to be

determined, there is no final judgment binding the parties (or the court)").

Nor were the determinations on infringement and obviousness "essential" to the prior

judgment.  The prior judgment of invalidity of claims 1, 2, 5, 7 and 16 was based entirely on the

determination as urged by Defendants that those claims were broadened in reissue in violation of

35 U.S.C. § 251.  The determinations of infringement and obviousness are unrelated to, or not

"essential" to, that judgment.  Issue preclusion based on the first remand is not applicable to the

determinations of infringement and obviousness of claims 24 and 25.

Accordingly, adjudication of the new acts of infringement that occurred after the

conclusion of the January 2011 trial is not precluded by either claim preclusion or issue

preclusion.  Adjudication of the issue of obviousness for claims 24 and 25 is likewise not

precluded by claim preclusion or issue preclusion.

E.      **Genuine Issues Of Material Fact Require Denial Of Summary Judgment For The New Acts Of Infringement By Defendants**

Assuming, *arguendo*, that claims 24 and 25 are at issue in this case, summary judgment of non-infringement should not be granted with regard to those claims.  Claims 24 and 25 did not come into existence until April 16, 2013.  Since the time of the January 2011 trial, Defendants have sold steel that is hot stamped and delivered to end users such as automotive parts suppliers. That steel has an ultimate tensile strength that exceeds 1,500 MPa.  These are new acts of infringement by Defendants that were not addressed in the earlier trial, or in the earlier appeals. Instead, Defendants' entire motion is based on evidence relating to activities in 2010 that are not relevant to claims 24 and 25.  D.I. 326 [Defs' Opening Brief on Non-Infringement], p. 5-7, 9-12.

Plaintiffs presented evidence of these new acts of infringement in their opposition to Defendants' motions that were filed in this case in 2013.  D.I. 283 [Plaintiffs' Opposition]; D.I. 280, 282 [Defendants' summary judgment motions].  At that time, Plaintiffs submitted the Declaration of Marc Millius, who is involved in sales and marketing of the ArcelorMittal product known as USIBOR®, and he often visits the facilities of companies that perform hot stamping on the USIBOR® steel.  D.I. 284 [Millius Decl.], ¶ 3.

In December 2012, during a visit to a facility of a hot stamper known as Gestamp North America ("Gestamp"), Mr. Millius observed hot stamping being conducted on steel coils manufactured by Defendants that had been supplied to Gestamp.  D.I. 284 [Millius Decl.], ¶ 4. The products were identified as coming from Defendants based on the identification tags on the steel coils.  D.I. 284 [Millius Decl.], ¶ 4.

In December 2012, Mr. Millius was provided with additional information regarding the sales of steel by Defendants.  D.I. 284 [Millius Decl.], ¶ 5.  The information provided to Mr. Millius, among others, included results of tensile testing conducted on samples of accused

product that were manufactured by Defendants, which showed that the Defendants' products had

an ultimate tensile strength that exceeded 1,500 MPa.  D.I. 284 [Millius Decl.], ¶ 5.

Assuming, *arguendo*, that claims 24 and 25 are part of this case, the Millius Declaration

presents genuine issues of material fact that prevent the grant of summary judgment of non-

infringement.  An issue of material fact is genuine only if the evidence could lead a reasonable

jury to find for the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986).  In deciding the motion, all justifiable inferences are to be drawn from the factual record

in favor of the non-moving party.  *Id*. at 255.  Here, the Millius Declaration presents facts that

could lead a reasonable jury to find for the Plaintiffs, as the non-moving party.  Specifically, the

Millius Declaration provides evidence that Defendants have sold, and are currently selling,

accused products that have been hot stamped to attain a UTS greater than 1,500 MPa.

Never once, in any of the briefs filed in this case, have Defendants denied that they have

sold, and continue to sell and offer for sale, aluminum coated boron containing steel that is being

hot stamped to achieve a UTS that exceeds 1,500 MPa.  Defendants want the Court to focus on a

five year old record regarding steel sold in 2010.  Defendants ignore their new acts of

infringement that preclude a finding of noninfringement on summary judgment.  This new

infringement is materially different from the conduct that was previously at issue.  As courts

have repeatedly recognized, each sale, manufacture, use and offer for sale of a patented product

is a separate infringement.  *See Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335,

1342-44 (Fed. Cir. 2012); *Cordis Corp. v. Boston Scientific Corp*., 635 F. Supp. 2d 361, 367-70

(D. Del. 2009).

In accordance with Rule 56(d), Plaintiffs also submitted an attorney declaration with their

prior oppositions that sets out the discovery Plaintiffs propose and what facts that proposed

discovery is expected to show relating to the new acts of infringement.  *See* D.I. 285, Declaration

of Attorney Hugh A. Abrams.  As set forth in the Rule 56(d) declaration, Plaintiffs propose to

take discovery from Defendants concerning when Defendants started supplying accused steel to

hot stampers, such as Gestamp and others; how much accused steel has been supplied to hot

stampers, and when it was supplied; details of the shipments of accused steel, after completion of

hot stamping, to automotive manufacturers; and, what expected, and actual, UTS is being

achieved after hot stamping.  *See* D.I. 285 [Abrams Decl.], ¶ 3.  This proposed discovery will

lead to identification of further genuine issues of material fact.

In sum, assuming, *arguendo*, that claims 24 and 25 are part of this case, numerous

genuine issues of material fact prevent the grant of summary judgment of non-infringement.

### F.   Numerous Genuine Issues Of Material Fact Prevent Grant Of Summary Judgment On The Issue Of Obviousness

Assuming, *arguendo*, that claims 24 and 25 are at issue in this case, summary judgment

of invalidity based on obviousness should not be granted with regard to those claims.  It is

axiomatic that each claim of a patent is presumed valid independent of the validity of other

claims.  35 U.S.C. § 282 (2006).  Similarly, Section 288 provides that: "Whenever, without

deceptive intention, a claim of a patent is invalid, an action may be maintained for the

infringement of a claim of the patent which may be valid."  35 U.S.C. § 288 (2006).  *See also* 35

U.S.C. §§ 251 and 253.

Defendants are required to "submit evidence supporting a conclusion of invalidity of

*each* claim" that they seek to have held invalid.  *Shelcore, Inc. v. Durham Indus., Inc.*, 745 F.2d

621, 625 (Fed. Cir. 1984).  The burden of proof is one of clear and convincing evidence.

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1294-95 (Fed. Cir. 2009).  Defendants'

motion ignores that, unlike the asserted claims at the time of the January 2011 trial, claims 24

and 25 have undergone further evaluation through reissue proceedings in the PTO.  *See Interconnect Planning Corp. v. Feil*, 774 F.2d 1132, 1139 (Fed. Cir. 1985) ("Upon reissue the 'burden of proving invalidity was made heavier'") (citation omitted).  Defendants' motion ignores that the PTO Examiner in reissue considered, and allowed, claims 24 and 25 in light of the Bano reference and the French 906 patent.  The PTO Examiner in reissue also was provided with copies of this Court's claim construction rulings as well as other documents from the on-going litigation.  *See* D.I. 327, DA-005 [Cover page of RE153 patent showing citation of Bano, French 906 patent and documents from -050 case].  At a minimum, this additional prosecution history creates genuine issues of material fact concerning claims 24 and 25, which were not part of the original trial or the first Federal Circuit appeal.

Defendants also misconstrue the finding of the Federal Circuit in the first appeal with regard to a *prima facie* case of obviousness.  The Federal Circuit's decision in *ArcelorMittal I* held that the jury's decision in the first trial was supported by substantial evidence on the record presented to it.  The Federal Circuit's decision does not establish a *prima facie* case of obviousness as a matter of law for claims that were not even before the court.  A second jury that considers additional evidence based on a proper claim construction, the reissue prosecution history, the commercial success of the patented product, the copying of the patented product by Defendants, and other secondary considerations, with regard to different claims of different scope, may come to a different conclusion.  As stated, Defendants' assertion that the Federal Circuit held that "this case of *prima facie* obviousness applies equally to claims 24 and 25" is incorrect.  There was no such holding.  The Federal Circuit remanded for further proceedings consistent with its holding that claims 24 and 25 were not broader than original claim 1 and were therefore not invalid.  The court declined to address obviousness.

18

Indeed, the fact finder that considers the obviousness of claims 24 and 25 will need to consider all of the evidence of obviousness, and not just the limited findings of the jury in the first trial.  *See In re Cyclobenzaprine*, 676 F.3d 1063, 1077 (Fed. Cir. 2012) ("[E]ven panels that have used the 'prima facie' and 'rebuttal' language generally have made clear that a fact finder must consider *all* evidence of obviousness and nonobviousness before reaching a determination."); *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling USA, Inc.*, 699 F.3d 1340, 1349 (Fed. Cir. 2012) (jury must be allowed to weigh strength of the prima facie case together with the objective evidence in order to reach a conclusion on the ultimate question of obviousness).  Thus, the Court should not consider merely the limited record proposed by Defendants on summary judgment, but should consider all of the evidence in the context of claims 24 and 25.

Contrary to Defendants' contentions, claim 25 is not of the same "scope" as the asserted claims and the Federal Circuit did not make such a finding.  D.I. 326 [Defs.' Noninfringement Opening Brief], p. 1, 5, 8.  The Federal Circuit found that claims 24 and 25 were not *broader* than original claim 1; the court did *not* find that claims 24 and 25 are the *same scope* as original claim 1.  Indeed, claim 25 includes the additional recitation of the formation of martensite, which is a change in the internal microstructure of the steel.  The change in the microstructure of the steel raises additional issues of fact regarding the combination of prior art references that disclose hot forging, rather than hot stamping.  *See ArcelorMittal I*, 700 F.3d at 1325 n. 4 ("Hot forging does not involve the rapid heating and cooling of hot-stamping and does not change the steel's microstructure.")

There is absolutely no testimony in the record, and Defendants can point to none, regarding the proper scope of claims 24 and 25.  Nor is there testimony in the record regarding

19

the differences between claims 24 and 25, as properly construed, and the prior art of record. Nor is there testimony in the record concerning secondary consideration of non-obviousness that would apply to claims 24 and 25, such as commercial success, copying and industry skepticism of the invention.

In sum, there is simply no record for this Court to consider, let alone grant, summary judgment of obviousness of claims 24 and 25. Numerous fact issues need to be presented to a jury and resolved by the jury. Assuming, *arguendo*, that claims 24 and 25 are at issue in the present case, summary judgment is not appropriate on the record presented here.

## IV. CONCLUSION

For these reasons, Plaintiffs respectfully request that Defendants' motions for summary judgment be denied.

Dated: October 2, 2015

Respectfully submitted,

 */s/ Jeffrey B. Bove*

Jeffrey B. Bove (#998)
jeff.bove@novakdruce.com
NOVAK DRUCE CONNOLLY BOVE
 + QUIGG LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware  19899
(302) 658-9141

*Attorneys for Plaintiffs ArcelorMittal France and ArcelorMittal Atlantique et Lorraine*

OF COUNSEL:
David T. Pritikin [dpritikin@sidley.com]
Hugh A. Abrams [habrams@sidley.com]
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000

ACTIVE 209997095v.2